MEMORANDUM *
The Administrative Law Judge (“ALJ”) erred by failing to provide “specific and legitimate reasons supported by substantial evidence in the record” for crediting the opinion of Dr. DeBolt, a neurologist who did not examine Maha Nazzal, over the opinions of Nazzal’s examining physicians, rheumatologists Dr. Bluestone and Dr. Salick, both of whom diagnosed Nazzal with fibromyalgia, a condition within their area of specialty. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996) (internal quotation marks omitted); see also 20 C.F.R. § 416.927(d)(5); Benecke v. Barnhart, 379 F.3d 587, 594 n. 4 (9th Cir.2004). The ALJ also erred “by effectively requiring objective evidence for a disease that eludes such measurement”: fibromyalgia. Benecke, 379 F.3d at 594 (internal quotation marks and alteration omitted). Finally, the ALJ erred when he mischaracterized Nazzal’s testimony *593 and failed to provide “clear and convincing” reasons for finding Nazzal’s testimony not credible. Lester, 81 F.3d at 834.
Because the ALJ did not provide “legally sufficient reasons” for disregarding the opinions of Dr. Bluestone and Dr. Salick, we credit their opinions as true. Benecke, 379 F.3d at 594. Therefore, the record demonstrates that Nazzal cannot return to her previous job as a claims processor. We reverse the ALJ’s decision and remand for further administrative proceedings to allow the ALJ to determine whether Nazzal is able to do any other work “considering [her] residual functional capacity[,] ... age, education, and work experience” and whether such work “exist[s] in significant numbers in the national economy.” See 20 C.F.R. § 404.1560(c)(1); see also id. § 404.1520(a)(4)(v).
Reversed and remanded.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.